OPINION OF THE COURT
 

 Graffeo, J.
 

 We are asked in these appeals to determine whether Family Court may order the placement of a young person, who has been adjudicated a juvenile delinquent, with the Office of Children and Family Services for a period that extends beyond the youth’s 18th birthday. Under the circumstances presented in these cases, we conclude that the Family Court Act authorizes such placements and therefore affirm the order of the Appellate Division in each case.
 

 Robert J.
 

 In March 2001, respondent Robert J., who was then 15 years old, was adjudicated a juvenile delinquent based on a finding that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree. Family Court ordered probation and directed that Robert obey various conditions, including attending school regularly, complying with specific curfews, reporting to a probation officer, completing 100 hours of community service and attending a teen awareness program.
 

 The presentment agency filed a petition in July 2001 alleging that Robert had failed to meet the conditions of his probation. At an interim hearing, respondent, who had quit high school, was instructed to resume attending school pending further
 
 *342
 
 proceedings. Thereafter, a hearing was held at which the presentment agency argued that Robert should be placed in the custody of the Office of Children and Family Services (OCFS) in his own best interests and to protect the community. The agency noted that he had failed to attend school regularly or report to his probation officer and his parents had indicated that he was not complying with curfews or obeying their rules at home.
 

 Family Court found that respondent had violated his probation and that placement with OCFS was warranted. The court directed that respondent, who was 16 years old at that time, be placed for 18 months, a period that would extend three months beyond his 18th birthday. His attorney objected, arguing that the Family Court Act did not authorize placement of a youth beyond the age of 18.
 

 Kareem R.
 

 Kareem R. was adjudicated a juvenile delinquent in January 2001, when he was 16 years old, for having committed an act that would constitute the crime of criminal trespass in the third degree if committed by an adult. Family Court ordered a period of probation on the condition that respondent attend school regularly, complete 100 hours of community service, attend counseling and report to his probation officer.
 

 In June 2002, the presentment agency filed a petition alleging that Kareem had violated his probation by failing to report to his probation officer on 10 occasions and community service on 11 occasions, and refusing to attend counseling. At an August hearing, respondent admitted that he had violated his probation as alleged and the Probation Department was directed to conduct an investigation to determine the appropriate disposition. In the meantime, Kareem was placed in interim detention with OCFS.
 

 At the dispositional hearing conducted in October 2002, respondent’s attorney advised the court that respondent had turned 18 years of age in May and, thus, argued that he could not be placed in OCFS custody due to his age. The presentment agency asserted that placement was necessary because respondent’s mother had been unable or unwilling to appropriately supervise him when he was in her care. Noting that he had thrived during the period he spent in interim detention pending the dispositional hearing, Family Court concluded that Kareem should be placed with OCFS for a period of 12 months, less the period of time he had already spent in detention.
 

 
 *343
 
 Both juveniles appealed the orders to the Appellate Division, contending that Family Court Act § 355.3 (6) did not allow the placement of a juvenile delinquent with OCFS beyond the age of 18 unless the juvenile consented or had committed a designated felony, which was not the case for either of these youths. The presentment agency acknowledged that the Family Court Act restricts an extension of placement beyond the age of 18 but claimed that Family Court’s initial placement of a juvenile in OCFS custody could extend beyond the 18th birthday under Family Court Act §§ 352.2 and 353.3. Since these cases involved initial placements and not extensions, the presentment agency asserted that Family Court had not exceeded its authority. The Appellate Division agreed with the presentment agency and affirmed the Family Court order in each case, relying on its prior decision in
 
 Matter of Jude F.
 
 (291 AD2d 165 [2d Dept 2002]).
 

 Discussion
 

 The sole issue presented on these appeals is whether the Family Court Act authorizes a court to order an initial placement of a juvenile with OCFS for a period that extends beyond the age of 18 when the juvenile has not committed a designated felony as addressed in Family Court Act § 353.5. To resolve this question, we review the pertinent statutes, the relevant legislative history and the policy concerns underlying the statutory scheme
 
 (see generally Matter of Dutchess County Dept. of Social Servs. [Day] v Day,
 
 96 NY2d 149 [2001];
 
 Matter of Jose R.,
 
 83 NY2d 388 [1994]).
 

 Family Court Act § 352.2 authorizes five dispositions of a youth who has been adjudicated a juvenile delinquent: conditional discharge, probation, placement with OCFS, placement in a mental hygiene facility and, in the case of a juvenile who has committed a designated felony, restrictive placement pursuant to Family Court Act § 353.5. Here, after violating the conditions of probation, respondents were placed with OCFS, a disposition allowed under Family Court Act § 352.2 (1) (c). Section 352.2 (1) (c) indicates that placement shall be in accord with section 353.3, entitled “Placement,” which provides, in part:
 

 “If the respondent has committed a felony the initial period of placement shall not exceed eighteen months. If the respondent has committed a misdemeanor such initial period of placement shall not
 
 *344
 
 exceed twelve months. If the respondent has been in detention pending disposition, the initial period of placement ordered under this section shall be credited with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement unless the court finds that all or part of such credit would not serve the needs and best interests of the respondent or the need for protection of the community” (Family Ct Act § 353.3 [5]).
 

 This initial placement statute does not contain a maximum age limitation. However, Executive Law § 507-a (2) states that “only those youth who have reached the age of seven but who have not reached the age of twenty-one may be placed in, committed to or remain in [OCFS] custody.” It is therefore evident that every form of placement with OCFS must cease upon a young person’s 21st birthday.
 

 In submitting that an initial placement in OCFS custody cannot extend beyond the age of 18 if the youth objects, respondents rely on Family Court Act § 355.3, entitled “Extension of Placement.” Subdivision (6) of that statute states: “Successive extensions of placement under this section may be granted,
 
 but no placement may be made or continued beyond the respondent’s eighteenth birthday without the child’s consent
 
 and in no event past the child’s twenty-first birthday” (emphasis added). Respondents assert that the term “placement” in the second clause of the sentence refers to initial placements as well as extensions, even though the age restriction language appears only in the extension statute.
 

 The presentment agency counters that respondents were placed pursuant to section 352.2 (1) (c), which directs the court to the initial placement provision without reference to the extension of placement statute. Noting that Family Court would have no reason to consult the extension statute when initially placing a juvenile, the agency urges that the age limitation in the extension statute has no bearing on initial placements.
 

 To explain their reliance on the extension of placement statute, respondents emphasize that initial placements and extensions were once covered in a single statute. Since they claim that the age-limiting language in section 355.3 originally applied to both initial placements and extensions, they argue that there is no basis to conclude that the Legislature intended to alter the application of the restriction when it restructured the statutory scheme.
 

 
 *345
 
 Even if we assume that respondents’ interpretation of the former version of the statute is correct, we are unpersuaded that the history of these statutes supports their interpretation of the present statutory structure. When the Family Court Act was first adopted in 1962, there was no article dedicated exclusively to juvenile delinquency proceedings
 
 (see
 
 L 1962, chs 686, 700). Article 7 encompassed both juvenile delinquency matters and persons in need of supervision (PINS). Placements and extensions of placement were addressed in one statute—former Family Court Act § 756. In language similar to that now appearing in section 355.3, the extension of placement statute on which respondents rely, former section 756 prohibited placement of a youth beyond the 18th birthday in the case of a male or 20th birthday in the case of a female (the provision was later amended to provide a uniform age 18 limitation for both genders).
 

 In the 1982 recodification of the Family Court Act, the Legislature made two changes that are significant in resolving the issue here: it created a new Family Court Act article 3 devoted exclusively to juvenile delinquency matters and it enacted two separate statutes within that article, one dealing with initial placement, the other with extension of placement (L 1982, ch 920). Only the latter contains age-limiting language.
 

 Prior to the 1982 recodification, the Legislature adopted the designated felony placement provision now codified at Family Court Act § 353.5
 
 (see
 
 L 1976, ch 878, § 16), including an age restriction explicitly applicable to both initial placements and extensions of placement. A juvenile delinquent who has committed a designated felony cannot be placed—either initially or pursuant to an extension—for a term beyond the age of 21 (Family Ct Act § 353.5 [4] [d]), a limitation which dovetails with the language in Executive Law § 507-a restricting the authority of OCFS to custody of individuals under the age of 21 in any circumstance. It is clear that the Legislature knew how to include age-restricting language in a juvenile delinquency placement provision when it wanted to do so, yet no such language was inserted in section 353.3, the initial placement provision relied on by Family Court when placing these respondents. In view of the evolution of this legislative framework, we cannot presume that the Legislature, having adopted two statutes with distinct titles and terms, nonetheless had no intent to distinguish between initial placement and extension of placement in juvenile delinquency cases, particularly since there is a rational policy-based explanation for the Legislature’s decision.
 

 
 *346
 
 By authorizing Family Court to place a young person adjudicated as a juvenile delinquent with OCFS beyond the age of 18, the Legislature has strengthened probation as a viable option for older juveniles. Family Court can attempt to keep a young person in the home environment and order probation (as occurred in these cases), rather than resorting to placement as the initial disposition, because placement can be tried later if probation proves ineffective. By the same token, individuals approaching the age of 18 who are on probation have a greater incentive to adhere to the conditions imposed by Family Court, knowing that if they do not abide the conditions, placement remains an alternative available to the court. Under the interpretation respondents recommend, just the opposite would be true—a young person could ignore the conditions of probation without serious consequences because Family Court’s only redress under Family Court Act § 352.2 would be to continue probation or grant a conditional discharge. We see no evidence that the Legislature intended such a result, which would be “at variance with the policy and purpose of the legislation”
 
 (Matter of Jose R.,
 
 83 NY2d at 393 [citations omitted]).
 

 The overriding intent of the juvenile delinquency article is to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public. There are circumstances when it is in the best interests of a juvenile to be placed in OCFS custody, even if the individual is 18 years of age or older, because OCFS is in a position to ensure that youths in custody attend school, obey curfews, take part in counseling and vocational training, and participate in other programs aimed at rehabilitation.
 

 As these cases demonstrate, OCFS can sometimes make a difference where a young person’s family has been unable to do so. In
 
 Kareem R.,
 
 for example, Family Court noted that respondent—who had not been attending school or complying with other rules while living at home—thrived during the interim detention period. Thus, Kareem benefitted from OCFS placement, even though he had reached the age of 18. Youths who have committed acts bringing them into the juvenile justice system deserve every chance to obtain an education and change the direction of their lives. The Legislature has reasonably determined that if Family Court finds placement with OCFS is the best means to achieve that goal, it should be authorized to employ that measure once, even if the juvenile is age 18 or older at the time placement is ordered.
 

 
 *347
 
 In light of the statutory structure, the legislative history of the pertinent provisions and the unique policy concerns arising in juvenile delinquency matters, the decision to include the age-limiting language in the extension statute but not in the initial placement statute must be given effect
 
 (see generally Matter of Tabitha LL.,
 
 87 NY2d 1009 [1996]). We hold that Family Court is authorized to order an initial placement that extends beyond a youth’s 18th birthday, as occurred in each of the cases under review, and have no basis to disturb the placement orders.
 

 Accordingly, the orders of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Read and R.S. Smith concur.
 

 In each case: Order affirmed, without costs.