OPINION OF THE COURT
Richard S. Lawrence, J.
*638 In a matter of first impression, respondent has filed a petition requesting a modification of an order of disposition. The facts are as follows:
A fact-finding hearing was held with respect to this juvenile delinquency matter on June 28, 2004 and continued on June 29 and June 30, 2004. Immediately subsequent to the conclusion of the hearing, this court rendered its fact-finding decision in which it made an affirmative finding with respect to the most serious allegation consisting of an act which, if committed by a person over 16 years of age, would be criminal mischief in the second degree, in violation of section 145.10 of the Penal Law, a D felony. The four additional allegations were all dismissed as lesser included charges of the affirmative finding.
A probation investigation and report was then ordered. On September 1, 2004 the respondent was adjudicated a juvenile delinquent and, on consent, was placed with the New York State Office of Children and Family Services (hereafter OCFS) for a period of 18 months. In the court’s discretion, he was given credit for time served since the date of the fact-finding decision. (See Family Ct Act § 353.3 [5].)
Respondent’s instant petition, brought by “petitioner” W.B., a paternal uncle of the respondent, states that “a short time” subsequent to this court’s placement of the respondent, he left placement “without permission” and an OCFS warrant was issued for respondent’s arrest. The petition continues that “for the past several months the Respondent has been residing with the petitioner at the petitioner’s home” and further that “the Respondent has remained out of trouble since residing with the petitioner. Respondent works full time for the petitioner in the petitioner’s auto body shop. Petitioner is able to provide supervision for the Respondent. Respondent will be 18 years of age in July.”
Upon oral argument, counsel for petitioner initially stated that he represented respondent, then the petitioner, then the respondent, then both parties. In the circumstances, and for the reasons set forth below, this court did not reach the question of representation and whether the uncle was the proper “petitioner,” nor did the court appoint a law guardian.
It was argued by respondent that although he left placement without permission, he has been an upstanding citizen, fully employed, living with his uncle and is now a responsible father.
OCFS alleges that subsequent to placement, respondent AWOL’d from Long Island Adolescent and Family Services, *639 Inc. on January 25, 2005, and that an OCFS warrant was issued the following day “and remained open until his arrest on January 6, 2006 at which point he was detained” at the Nassau County Juvenile Detention Center.
During the time respondent was not physically in placement, the 18-month placement period was tolled (Executive Law § 510-b [7]). Furthermore, the law is quite clear that even though respondent will be 18 years of age this coming July, he nevertheless is still subject to placement beyond his 18th birthday, since this was the initial placement. (See Matter of Robert J., 305 AD2d 680 [2d Dept 2003], affd 2 NY3d 339 [2004].)
OCFS argues that it only had five months within which to provide necessary services to the respondent, and could not complete those services due to the fact that he left placement. Respondent argues, in effect, that he has been fully rehabilitated, and despite his AWOL status, he needs no further services, as he is now a productive member of society.
OCFS moves this court, pursuant to Family Court Act § 355.1, to dismiss, as the uncle is not the proper person to bring this modification petition.
This court has thoroughly reviewed that section of the statute and has found not one case in this state addressing the question. Family Court Act § 355.1 states, in applicable part:
“1. Upon a showing of a substantial change of circumstances, the court may on its own motion or on motion of the respondent or his parent or person responsible for his care:
“(a) grant a new . . . dispositional hearing.”
There is no definition of “person responsible for his care.” The court is thus met with a question of who may bring such a modification petition. Here, respondent argues that his uncle is in fact such a person, as he is living with him and therefore is the responsible person. However, Douglas J. Besharov and Merril Sobie’s Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 355.1, at 497) state that “only the respondent or the respondent’s parent or other person legally responsible may file a subdivision 1 motion” (emphasis supplied).
This court agrees with that analysis, that only a person legally responsible may file such a motion; otherwise, any respondent could make such an application, where the respondent has resided with a person for even one or two days, upon the argu *640 ment that such person is “responsible” for the respondent; this court finds no other legitimate interpretation.
Respondent admits that the uncle does not have legal custody, and further admits that the uncle is not “legally responsible” for him.
Accordingly, the motion by OCFS is granted, and the instant petition is dismissed pursuant to Family Court Act § 355.1, upon the ground that this court is without jurisdiction regarding the instant petition, but without prejudice to a proper petition being filed, should respondent deem it appropriate.
In the circumstances, this court need not decide the representation by respondent or petitioner’s counsel, nor whether a conflict exists between joint representation, nor whether a law guardian should be appointed, nor whether the uncle is a proper party to even bring such a petition, even if he had legal custody.
This court further does not reach a second prong of OCFS’s motion, that “a substantial change of circumstances” has not been shown, even prima facie, by the respondent, as required by Family Court Act § 355.1 (1).