■ In the Matter of BRITTNY MM., a Person in Need of Supervision. MICHELE CLARKE, as Probation Officer of the Columbia County Probation Department, Respondent; BRITTNY MM., Appellant. [858 NYS2d 815]—

Stein, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered July 3, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to revoke an order of probation and place respondent in the custody of the Columbia County Department of Social Services for a period of 12 months.

In June 2006, respondent (born in 1989) was adjudicated a person in need of supervision (hereinafter PINS) and was placed in the custody of the Columbia County Department of Social Services (hereinafter DSS) for a period of 12 months, ending on June 19, 2007. Thereafter, upon the petition of DSS and with respondent's consent, Family Court entered an order on April 3, 2007, terminating the order of placement as of March 6, 2007 and placing respondent on probation until June 19, 2007.

On June 4, 2007, petitioner filed a petition alleging that respondent had violated the terms and conditions of her probation and Family Court signed a declaration of delinquency. At the commencement of the fact-finding hearing, respondent moved to dismiss count one of the petition on the grounds that the alleged acts occurred after she had reached the age of 18. Family Court denied the motion and, at the conclusion of the hearing, sustained the petition on all counts.

Respondent then moved by order to show cause to dismiss the petition, terminate the proceeding and vacate all orders entered subsequent to March 6, 2007, including that part of the order entered April 3, 2007 which placed respondent on probation. Family Court denied the motion. By order entered July 3, 2007,[1] Family Court found that respondent had violated the terms and conditions of her probation and placed her in the custody of DSS for a period of 12 months. Respondent now appeals.

Respondent's principal argument is that Family Court had no jurisdiction over respondent once she attained the age of 18 and, therefore, Family Court was required to dismiss the violation of probation petition which was filed after her 18th birthday, and all orders made after May 20, 2007 were improper. Initially, we note that, although respondent's placement was terminated after this appeal was filed, effective February 1, 2008, this appeal is not moot because Family Court's finding that respondent violated the terms and conditions of her probation, and the resulting order of placement, may have collateral legal consequences (*see* Family Ct Act § 783; *Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of Shannon F.*, 276 AD2d 847, 848 [2000]; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]; *Matter of Tabitha LL.*, 216 AD2d 651, 653 [1995], *affd* 87 NY2d 1009 [1996]).

In order to determine whether Family Court properly entertained the violation of probation petition, we must first determine whether a valid order placing respondent on probation was in existence. We find nothing in Family Ct Act § 757 which precludes an order of probation from extending beyond a child's 18th birthday (*see generally Matter of Amy Beth G.*, 136 Misc 2d 85, 86 [1987]; McKinney's Cons Laws of NY, Book 1, Statutes § 74), particularly where, as here, respondent consented to the order. We also note that there is no age-limiting language in any of the statutes pertaining to initial dispositions on PINS adjudications set forth in Family Ct Act § 754 (*see* Family Ct Act §§ 755, 756, 757). The only such language appears in Family Ct Act § 714 (b) (concerning initial PINS petitions) and Family Ct Act § 756-a (f) (pertaining to extensions of placement); neither of those provisions is applicable here.

Under these circumstances, the Legislature could not have intended to permit an order of probation to remain in effect in the absence of judicial authority to enforce such order (*see generally Matter of Medical Socy. of State of N.Y. v State of N.Y. Dept. of Health*, 83 NY2d 447, 451-452 [1994]). Thus, we find

1. This order was initially made on the record in open court on June 18, 2007.

that respondent remained under the jurisdiction of Family Court until June 19, 2007, that the filing of a violation petition, as well as the making of a declaration of delinquency,[2] at any time prior to that date was permissible, and that the court was "authorized to make a determination on the violation petition and to order an appropriate disposition after respondent turned 18" (*Matter of Carliesha C.*, 17 AD3d 1057, 1058 [2005]).[3] Likewise, we find that the violations of probation which were alleged to have occurred after respondent turned 18, but before the order of probation expired, were properly before the court.

However, Family Court erred in placing respondent in the custody of DSS for an additional period of 12 months. Upon a finding of a violation of an order of probation, "the court may revoke the order of probation and proceed to make any order that might have been made at the time the order of probation was entered" (Family Ct Act § 779). We reject petitioner's argument that this allows Family Court to make any order of disposition authorized by Family Ct Act § 754. Here, the order of probation was made pursuant to Family Ct Act § 767 upon a petition to terminate placement. The only authorized dispositions *at that time* would have been to continue the existing order of placement, with or without modifications (*see* Family Ct Act § 767 [a]), or to place respondent under probation or court supervision (*see* Family Ct Act § 767 [b]). Thus, when Family Court determined on June 18, 2007 that respondent had violated the terms and conditions of her probation, the only possible dispositions were to either resume the initial placement until June 19, 2007 as originally ordered, continue respondent's probation or place her under court supervision until that date. Placement for 12 months was clearly not authorized, nor was detention beyond June 19, 2007. Thus, that portion of the order which directed placement must be reversed.

The parties' remaining contentions, to the extent not addressed herein, have been rendered academic by our decision or have been found to be lacking in merit.

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by

---

2. In fact, the Legislature removed the age-limiting language from Family Ct Act § 779-a in 1996 (*see* L 1996, ch 309, § 35).

3. We recognize that there are apparent inconsistencies between Family Ct Act articles 3 and 7 and among the statutes included in Family Ct Act article 7 themselves—particularly in light of the amendments to that article which became effective in 2002 (*see* L 2000, ch 596; L 2001, ch 383)—which may warrant further legislative action. However, it is not necessary for us to reconcile those inconsistencies at this time based on the facts presented herein.

reversing so much thereof as directed that respondent be placed in the custody of the Columbia County Department of Social Services, and, as so modified, affirmed.