[882 NYS2d 291]

In the Matter of MATTHEW L., Appellant.

Second Department, June 30, 2009

APPEARANCES OF COUNSEL

*Robert C. Mitchell*, Riverhead (*Elizabeth A. Justesen* of counsel), for appellant.

*Christine Malafi, County Attorney*, Central Islip (*Brian B. Mulholland* of counsel), for respondent.

### OPINION OF THE COURT

LEVENTHAL, J.

The issue presented here is whether the Family Court Act authorizes a Family Court to extend the probation of a person adjudicated to be a person in need of supervision (hereinafter PINS), beyond his or her eighteenth birthday without his or her consent.

The appellant was adjudicated a PINS on February 15, 2008, and a disposition including probation was entered on February 27, 2008, prior to his eighteenth birthday.* Petitions for violations of probation were filed on March 6, 2008 and April 1, 2008. Thereafter, the appellant moved to dismiss the PINS petition and the violation of probation petitions, and to vacate the February 27, 2008 order of probation. The appellant maintained that although the Family Court had jurisdiction over him even after he had turned 18 years of age, he could refuse to participate in any programs directed as a part of probation without recourse. He argued that article 7 of the Family Court Act precluded the use of any enforcement provision including placement for his failure to comply. In an order dated May 1, 2008, the Family Court denied the application. The appellant challenges that order on this appeal.

The appellant also argues in his brief on this appeal that an order of the Family Court dated May 5, 2008, which amended the order of probation, should be vacated on other grounds. However, the appellant has not filed a notice of appeal with respect to that order, and therefore that issue is not properly before this Court.

In its May 1, 2008 order denying the motion to dismiss, the Family Court held that

> "[u]nder § 714 (b) of the Family Court Act it is stated that 'if the respondent is within the jurisdiction of the Court, but the proceedings were initiated after the respondent's eighteenth birthday, the fam-

---

* The appellant turned 18 years of age on March 2, 2008.

ily court shall dismiss a petition to determine whether a person is in need of supervision.' This mandatory dismissal is specifically aimed at proceedings *initiated* after the eighteenth birthday. Similarly, under § 756-a (f) it is stated that 'no placement may be made or continued beyond the child's eighteenth birthday without his or her consent and in no event past his or her twenty-first birthday.' The statute does *not* require the respondent's consent when the disposition is either suspended judgment under § 755 or probation under § 757. In this matter the Court seeks to continue the probation order issued pursuant to § 757 (b), which permits the Court to order probation for a period 'not [to] exceed one year.' This section further permits the Court to continue probation for an additional year if exceptional circumstances exist. It is well established that the Legislature's failure to include a provision within a statute is to be construed as indicating that the exclusion was intentional." (Citations omitted.)

### Article 7 of the Family Court Act

Family Court Act § 712 (a) defines a person in need of supervision as

"[a] person less than eighteen years of age who does not attend school in accordance with the provisions of part one of article sixty-five of the education law or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of a parent or other person legally responsible for such child's care, or other lawful authority, or who violates the provisions of section 221.05 of the penal law [unlawful possession of marihuana]."

Pursuant to Family Court Act § 714 (a), "the age of the respondent at the time the need for supervision allegedly arose is controlling." However, Family Court Act § 714 (b) precludes the initiation of a PINS proceeding after the respondent's eighteenth birthday. A PINS petition must be filed before the intended respondent's eighteenth birthday, regardless of the date or dates of the alleged conduct (*see* Sobie, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 714, 2009 Pocket Part, at 9). Upon adjudication that a person is in need of supervision, Family Court Act § 754 gives

the court four dispositional alternatives to choose from: discharging the respondent with warning, suspending judgment, continuing the proceeding and placing the respondent pursuant to Family Court Act § 756, or placing the respondent on probation.

The appellant contends that although the Family Court Act does permit a PINS proceeding to continue beyond the eighteenth birthday, it does not allow for the continuation of probation once the individual reaches the age of majority. Further, the appellant contends that even if probation were permitted to continue, there are no enforcement measures that may be imposed for violations beyond the eighteenth birthday. However, we find that contrary to these contentions, there are no age restrictions as to the imposition of a warning, suspension of judgment, or placement. Further, article 7 does not limit the imposition of placement to an individual under 18 years of age. Family Court Act § 756, which refers to placement as a dispositional alternative in a PINS proceeding, allows the court to place a "child in its own home or in the custody of a suitable relative or other suitable private person or a commissioner of social services, subject to the orders of the court." Placements under this section may be for an initial period of 12 months (see Family Ct Act § 756 [b]). Notably, this section does not establish an upper age limit for placement, or contain any language restricting the court's ability to place a child beyond his or her eighteenth birthday. Age is addressed only in Family Court Act § 756-a, entitled "Extension of placement." Under Family Court Act § 756-a (f), "successive extensions of placement under this section may be granted, but no placement may be made or continued beyond the child's eighteenth birthday without his or her consent and in no event past his or her twenty-first birthday."

Family Court Act § 353.3, which contains language similar to article 7, authorizes the Family Court to place a juvenile delinquent in the custody of a suitable relative or private person, or with the New York State Office of Children and Family Services (hereinafter OCFS), and contains no age restriction for initial placements. Article 3 addresses age only in section 355.3 (6), entitled "Extension of placement." In language virtually identical to Family Court Act § 756-a (f), Family Court Act § 355.3 (6) provides that "[s]uccessive extensions of placement under this section may be granted, but no placement may be made or continued beyond the respondent's eighteenth birthday without

the child's consent and in no event past the child's twenty-first birthday."

In *Matter of Jude F.* (291 AD2d 165 [2002]), this Court interpreted Family Court Act § 355.3 (6) and held that in a juvenile delinquency proceeding an initial placement could be imposed even after an individual had turned 18, as long as the proceeding had been commenced prior to the eighteenth birthday. In *Matter of Jude F.*, OCFS appealed from a dispositional order by the Family Court which placed an 18-year-old juvenile delinquent who had violated parole in its custody. On appeal, OCFS argued that Family Court Act § 355.3 (6) applied both to a juvenile's initial placement with the agency and to successive placements. In support of its position, the agency focused on the second part of the provision, which states that "no placement may be made or continued beyond the respondent's eighteenth birthday," arguing that this language demonstrated that no involuntary placement could be made after a child turned 18 regardless of whether it was an initial placement or an extension of placement. In rejecting OCFS's interpretation of this section, this Court maintained that

> "[i]t is a settled principle of statutory construction that a statute must be viewed as a whole, and that 'all parts thereof, if possible, are to be harmonized to achieve the legislative purpose.' Here, although subdivision (6) contains the phrase *'no placement may be made,'* it is part of a provision which deals exclusively with extensions of placement. When the single sentence which comprises subdivision (6) is read in its entirety and in context, it is clear that the phrase 'but no placement may be made or continued beyond the respondent's eighteenth birthday' refers to the 'successive extensions of placement' which may be granted pursuant to Family Court Act § 355.3" and did not apply to an initial placement (*Matter of Jude F.*, 291 AD2d at 170 [citations omitted]).

This Court in *Matter of Jude F.* further reasoned that to accept OCFS's argument that involuntary placement was not an available option would "seriously undermine the legislative aim of providing appropriate rehabilitative services, including treatment and education, to older youths who have never previously been placed in the custody of OCFS, but who may benefit from a period of placement" (*Matter of Jude F.*, 291 AD2d at 171). In

addition, this Court recognized that OCFS's position would restrict the court from enforcing violations of probation (*Matter of Jude F.*, 291 AD2d at 170).

In *Matter of Robert J.* (2 NY3d 339 [2004]), the Court of Appeals, citing to *Jude F.*, subsequently held that the Family Court could order the placement of a juvenile delinquent in the custody of OCFS for a period that extended beyond the youth's eighteenth birthday, and that placement may be ordered after the individual became 18 years of age. On appeal, the juveniles in those cases noted that initial placements and extensions were once covered in a single statute, and contended that since the age-limiting language in Family Court Act § 355.3 originally applied to both initial placements and extensions, there was no basis to conclude that the Legislature intended to alter the application of the restriction to only extensions of placement and not to initial placement (*see Matter of Robert J.*, 2 NY3d at 345). The Court of Appeals rejected the juveniles' position. In reaching its conclusion, the Court of Appeals examined the legislative history of the Family Court Act, specifically the 1982 reclassification, and held that

> "[i]n the 1982 recodification of the Family Court Act, the Legislature made two changes that are significant in resolving the issue here: it created a new Family Court Act article 3 devoted exclusively to juvenile delinquency matters and it enacted two separate statutes within that article, one dealing with initial placement, the other with extension of placement (L 1982, ch 920). Only the latter contains age-limiting language.

> "Prior to the 1982 recodification, the Legislature adopted the designated felony placement provision now codified at Family Court Act § 353.5 (*see* L 1976, ch 878, § 16), including an age restriction explicitly applicable to both initial placements and extensions of placement. A juvenile delinquent who has committed a designated felony cannot be placed—either initially or pursuant to an extension—for a term beyond the age of 21 (Family Ct Act § 353.5 [4] [d]), a limitation which dovetails with the language in Executive Law § 507-a restricting the authority of OCFS to custody of individuals under the age of 21 in any circumstance. It is clear that the Legislature knew how

to include age-restricting language in a juvenile delinquency placement provision when it wanted to do so, yet no such language was inserted in section 353.3, the initial placement provision relied on by Family Court when placing these respondents. In view of the evolution of this legislative framework, we cannot presume that the Legislature, having adopted two statutes with distinct titles and terms, nonetheless had no intent to distinguish between initial placement and extension of placement in juvenile delinquency cases, particularly since there is a rational policy-based explanation for the Legislature's decision" (*Matter of Robert J.*, 2 NY3d at 345).

Likewise, our rationale follows that of the Court of Appeals in *Matter of Robert J.* and this Court's holding in *Matter of Jude F.* In the Family Court Act, the Legislature was very specific in delineating the duration and the use of dispositional alternatives beyond an individual's eighteenth birthday. The Legislature has not placed any restrictions on the imposition of probation beyond the eighteenth birthday. Additionally, as to placement, the language restricting extension of placement beyond the age of majority in article 7 is identical to the language contained in article 3. There is no reason to interpret the language contained in article 7 any differently. Nor is there any reason to read the statute as restricting the initial imposition of placement only to those who have not yet attained the age of 18. The failure of the Legislature to include such a restriction, when it has otherwise done so under other circumstances within the same statute, should be construed as indicating that the exclusion was intentional (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74; *Pajak v Pajak*, 56 NY2d 394, 397 [1982] [failure of Legislature to include matter within particular statute is indication that its exclusion was intended]). As a matter of statutory interpretation, it does not appear possible to accept the appellant's contention that the Family Court lacked authority to impose probation or enforcement provisions for its violation on an individual designated a PINS beyond his or her eighteenth birthday. The Legislature has deemed that a PINS proceeding may continue past the eighteenth birthday as long as it was commenced before the individual turned 18 (*see* Family Ct Act § 714). As recognized by the appellant, accepting his contention would mean that although the proceed-

ing could continue beyond the eighteenth birthday the court would have no dispositional alternatives available. This would defeat the purpose of permitting the proceeding to continue beyond the eighteenth birthday.

The rationale espoused by the Court of Appeals in *Matter of Robert J.* concerning a juvenile delinquency proceeding is equally applicable to a PINS proceeding. The Court of Appeals spoke eloquently of the legislative intent to empower the Family Court to intervene and to impact positively upon the lives of troubled young people. The Court observed that there are circumstances when it is in the best interest of an individual to be placed in OCFS custody even after the age of 18 because the agency "is in a position to ensure that youths in custody attend school, obey curfews, take part in counseling and vocational training, and participate in other programs aimed at rehabilitation" (*Matter of Robert J.*, 2 NY3d at 346).

Similarly, placing a PINS in the care of the Department of Social Services at least provides that individual with an opportunity to benefit from educational programs, counseling, and services aimed at teaching independent living skills. It is equally important to give the Family Court the option of involuntarily placing a teenager on probation after the age of 18 where, as here, it is clear that the child has been generally noncompliant with his probation officer.

Recently, the Third Department, in *Matter of Brittny MM.* (51 AD3d 1303 [2008]), held that probation could be continued beyond the eighteenth birthday but that it was error to direct placement for an additional 12 months. In *Brittny MM.* the order of probation was made pursuant to Family Court Act § 767, where the respondent had already been placed and thereafter the placement changed to probation (*Matter of Brittny MM.*, 51 AD3d at 1305). The issue of placement following a violation of an order of probation made pursuant to Family Court Act § 767 is not before this Court. In the matter sub judice, the order of probation was issued pursuant to Family Court Act § 754, and under this section the court has the authority, upon a finding of a violation of probation, to "proceed to make any order that might have been made at the time the order of probation was entered" (Family Ct Act § 779).

Accordingly, the Family Court properly denied the appellant's motion to dismiss the PINS petition and the violation of proba-

tion petitions and to vacate the order dated February 27, 2008, placing him on probation for a period of one year, and the order dated May 1, 2008 is affirmed.

SPOLZINO, J.P., DILLON and CARNI, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.