■ In the Matter of MARIAH CORRIGAN et al., Appellants, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [12 NYS3d 216]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Office of Children and Family Services dated August 27, 2013, denying the petitioners' request that certain records be expunged, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Warhit, J.), entered April 3, 2014, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In February 2013, the petitioners were the subject of a report made to the Statewide Central Register of Child Abuse and Maltreatment (hereinafter the SCR). The report was transmitted by the Office of Children and Family Services (hereinafter OCFS) to the Westchester County Department of Social Services, Office of Child Protective Services (hereinafter CPS) (see Social Services Law §§ 422 [2] [a]; 427-a [4] [a]). CPS thereafter determined to assign the report to the Family Assessment Response (hereinafter FAR) track, a differential response program implemented by CPS, rather than to engage "in a traditional child protective services investigation" (Social Services Law § 427-a [4] [d] [i]; see 18 NYCRR 431.13). After the FAR case was closed in March 2013, the petitioners requested that OCFS expunge the report and records created as part of the FAR case. OCFS determined that there was no statutory authority permitting it to grant the petitioner's request to expunge the report or records created under the FAR case.

The petitioners subsequently commenced the instant proceeding pursuant to CPLR article 78 to review that determination, contending that OCFS's denial of their request for expunction was affected by an error of law, arbitrary and capricious, or an abuse of discretion. OCFS moved to dismiss the proceeding pursuant to CPLR 7804 (f) and 3211 (a) (7). The Supreme Court denied the motion but, reaching the merits of the petition, denied the petition and dismissed the proceeding.

Initially, since "it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer," under the circumstances of this case, it is appropriate to reach the merits of the petition (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *see Matter of Kickertz v New York Univ.*, 25 NY3d 942 [2015]; *Matter of S & R Dev. Estates, LLC v Feiner*, 112 AD3d 945, 947 [2013]; *Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation*, 76 AD3d 975, 978 [2010]), even in the absence of an answer or the full administrative record.

Prior to 2007, all reports transmitted by the SCR to a local child protective agency were investigated by the agency to determine whether they were "indicated" (Social Services Law § 412 [7])—i.e., supported by "some credible evidence" (*id.*) that child abuse or maltreatment occurred—or "unfounded" (Social Services Law § 412 [6]; *see* Social Services § 424 [7]; *Matter of Lee TT. v Dowling*, 87 NY2d 699, 704 [1996]; *see also* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 452 at 10-13). Where a report is subject to such an investigation, and is determined to be "unfounded," the report must be "legally sealed" (Social Services Law § 422 [5] [a]). "Legally sealed unfounded reports shall be expunged ten years after [their] receipt" (Social Services Law § 422 [5] [b]). However, pursuant to Social Services Law § 422 (5) (c): "[OCFS] may, in its discretion, grant a request to expunge an unfounded report where: (i) the source of the report was convicted of a violation of [Penal Law § 240.55 (3)] in regard to such report; or (ii) the subject of the report presents clear and convincing evidence that affirmatively refutes the allegation of abuse or maltreatment."

In 2007, the legislature amended the Social Services Law to permit local social services districts authorized by OCFS to implement "differential responses to reports of child abuse and maltreatment" by creating a FAR track, also referred to as a family assessment services track, "as an alternative means of addressing certain matters otherwise investigated as allegations of child abuse or maltreatment" (Social Services Law

§ 427-a; *see* L 2007, ch 452; L 2011, ch 45). Where such a program has been implemented, and the local child protective agency deems it appropriate to assign a particular SCR report to the FAR track, the agency does not investigate the validity of the allegations of abuse or maltreatment; rather, it, inter alia, assesses the family's "strengths, concerns and needs," and provides services, where necessary (Social Services Law § 427-a [4] [d] [ii]; *see* Social Services Law § 427-a [4] [c], [d] [iv]; *see also* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 452 at 10-13).

As relevant here, where a report has been assigned to the FAR track, the local child protective agency is required to so inform the SCR and request that the report be classified as a FAR case and "legally sealed" (Social Services Law § 427-a [4] [c] [i]; *see* Social Services Law § 422 [5-a]). Pursuant to Social Services Law § 427-a, "[s]uch sealed reports shall be maintained at the [SCR] for ten years after the report was made" (Social Services Law § 427-a [4] [c] [i]). Similarly, that statute requires that "[r]ecords created under the [FAR track] shall be maintained for ten years after the report initiating the case at the [SCR] was made" (Social Services Law § 427-a [5] [c]).

The petitioners argue, first, that OCFS's determination that it was not authorized to grant the petitioner's request to expunge the FAR report and records upon the closing of their FAR case was arbitrary and capricious because Social Services Law § 427-a is "silent" as to whether such early expunction is permitted. Contrary to the petitioners' contention, Social Services Law § 427-a is not "silent" on the matter of expunction of FAR reports and records. Rather, it expressly requires that FAR reports and records be maintained for 10 years after the initial report is made (*see* Social Services Law § 427-a [4] [c] [i]; [5] [c]). Thus, as OCFS correctly determined, pursuant to Social Services Law § 427-a, FAR reports and records are only subject to expunction 10 years after the initial report is made to the SCR, and not before.

Further, contrary to the petitioners' suggestion, the existence of an early expunction provision in Social Services Law § 422 supports, rather than detracts from, this interpretation. In this respect, the failure of the legislature to include an early expunction provision in Social Services Law § 427-a, when it had, prior to the enactment of Social Services Law § 427-a, included such a provision in a statute within the same statutory scheme, "should be construed as indicating that the exclusion was intentional" (*Matter of Matthew L.*, 65 AD3d 315, 321 [2009]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 74;

*Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce,* 21 NY3d 55, 62 [2013]; *People v Tychanski,* 78 NY2d 909, 911 [1991]; *Pajak v Pajak,* 56 NY2d 394, 397 [1982]).

Contrary to the petitioners' further contention, the interpretation of Social Services Law § 427-a as not incorporating the early expunction process set forth in Social Services Law § 422 (5) (c) does not conflict with the legislative intent of section 427-a. As explained in the relevant legislative history, "[t]raditionally, CPS is required to respond to reports of child abuse and maltreatment with a standard investigation that is narrowly focused on determining whether a specific incident of abuse actually occurred and if the child is at risk" (Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 452 at 11). "The focus of the CPS system on investigation of abuse and maltreatment has created an environment that, for many families, casts suspicion over any offer of services or service referrals" (*id.*). Implementation of a differential response, in the form of a FAR track, "permits a social service district to conduct an assessment of the family's needs and strengths rather than investigate the validity of the allegations in a child abuse and maltreatment report" (Assembly Introducer Mem in Support, Bill Jacket, L 2011, ch 45 at 6). "The expectation of FAR is that families will be more likely to seek necessary help when a less adversarial, less threatening, approach is taken" (*id.*).

The early expunction provision in Social Services Law § 422 permits such relief where the source of an SCR report was convicted of falsely reporting an incident in the second degree (*see* Penal Law § 240.55 [3]) or where "the subject of the report presents clear and convincing evidence that affirmatively refutes the allegation of abuse or maltreatment" (Social Services Law § 422 [5] [c]). Thus, the early expunction provision of Social Services Law § 422 is focused on the falsity of the report of abuse or maltreatment. Since the stated purpose in enacting the differential response approach implemented by section 427-a was to avoid any consideration of the truth or falsity of the allegations of abuse or maltreatment in appropriate cases, it stands to reason that the legislature would not have deemed it necessary or appropriate to provide an avenue for early expunction of reports and records in those cases assigned to the FAR track based upon a showing of the probable falsity of the allegations underlying a SCR report. Moreover, the petitioners have not identified any criteria other than those set forth in Social Services Law § 422 (5) (c) relating to the falsity of the allegations for determining when a FAR report and FAR

records should be expunged prior to the statutory 10-year time frame.

Accordingly, as the Supreme Court correctly concluded, OCFS's determination that it was not authorized by statute to grant the petitioners' request for early expunction was not affected by an error of law, arbitrary and capricious, or an abuse of discretion.

The petitioners' contentions regarding the notice they received from CPS with respect to the FAR track and regarding certain alleged violations of the Penal Law committed by a nonparty relate to matters that were not the subject of the challenged determination.

The petitioners' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.