OPINION OF THE COURT
Gabrielli, J.
Subdivision (1) of section 170 of the Domestic Relations Law provides that a spouse may maintain an action for divorce on the ground of “[t]he cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well-being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.” The issue on this appeal is whether the defendant’s claimed mental illness may be asserted as a defense in an action of this nature.
The parties to this appeal were married in 1964 and in 1980 the plaintiff husband brought this action for divorce on the ground of cruel and inhuman treatment. Defendant *396 wife, alleging that her actions resulted from her mental illness, sought to assert her claimed affliction as an affirmative defense.
The trial court found that in 1979 the wife began to engage in certain behavior which was detrimental to the welfare of the plaintiff. She directly threatened her husband with physical harm on several occasions, threatened to assault him with dangerous instruments while he was asleep, and told others that the couple’s two younger children were not the husband’s children, but were conceived by artificial insemination. As a result of his wife’s behavior, plaintiff experienced gastrointestinal disorders, sleeping difficulties and other maladies which affected his physical well-being, his vitality and his work.
Based on these factual findings, the trial court concluded that defendant wife’s conduct endangered her husband’s physical and mental well-being and rendered it unsafe for him to cohabit with her. In granting plaintiff a divorce, the court refused to accept the wife’s assertion that her claimed mental illness constituted a legal defense to her husband’s cause of action.
The Appellate Division affirmed, by a divided court, agreeing with the trial court that “while mental illness by itself would not constitute cruel and inhuman treatment an attempt to explain or excuse conduct otherwise evincing actionable cruelty because of alleged mental illness is unavailing in an action for divorce” (85 AD2d 923). Because of the statutory framework, we must agree with this conclusion and hold that mental illness is not a defense to an action for divorce brought on the ground of cruel and inhuman treatment.
Initially, we note that the jurisdiction of the courts to grant a divorce exists only by virtue of statute (Hoops v Hoops, 292 NY 428; Ackerman v Ackerman, 200 NY 72). The issue of whether mental illness is a defense in an action for divorce on the ground of cruel and inhuman treatment therefore involves strictly a matter of statutory construction.
As the Appellate Division majority observed, the statutory framework at issue does not provide that mental *397 illness is a defense to an action for divorce on the ground of cruel and inhuman treatment. Instead, subdivision (1) of section 170 of the Domestic Relations Law focuses exclusively upon the effect of the conduct complained of and makes no mention of its cause. Moreover, while section 171 of the Domestic Relations Law establishes several defenses to an action for divorce on the ground of adultery, no defenses are established for divorce on the ground of cruel and inhuman treatment. This provides strong indication that the failure of the Legislature to specify the defense of mental illness in an action for divorce of this nature was not a matter of mere legislative oversight. The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74).
Other considerations also compel a strict construction of the statute in question. Both the plaintiff and defendant on this appeal present compelling cases — the plaintiff seeks to escape the cruelty of his spouse through the remedy of divorce and the defendant seeks to avoid the rigors of a fault divorce through her claim that she was not ultimately responsible for her actions. The rule of law which should apply in this instance must take into consideration both of these competing interests. The intention of the Legislature, of course, must govern here. We must assume, in light of the competing interests involved, that the Legislature chose to place primary focus upon the party seeking to obtain the divorce. The failure of the Legislature to provide that mental illness is a valid defense in an action for divorce based upon the ground of cruel and inhuman treatment must be viewed as a matter of legislative design. Any other construction of the statute would amount to judicial legislation.
It is a fundamental canon of statutory construction that courts “do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its actions on matters within its powers” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73). We thus decline to accept defendant’s invitation to construe the statute in question as providing that mental illness is a valid defense. The potentially harsh aspects of the statute as applied to *398 the present situation might, however, indicate a fertile area for legislative examination.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.