■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENA TYCHANSKI, Appellant.—Judgment of the Supreme Court, New York County (Franklin Weissberg, J.), rendered June 29, 1988, convicting defendant, after a jury trial, of reckless endangerment in the second degree (Penal Law § 120.20) and sentencing her to 60 days' incarceration concurrent with three years' probation, mandating compliance with other conditions, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

On October 12, 1987, defendant was initially arraigned on a felony complaint charging her with reckless endangerment in the first degree. The felony complaint charged defendant, a hospital volunteer, with disconnecting the respirator of a patient suffering from the AIDS virus, in the belief that he had been healed by prayer. On November 25, 1987, the Grand Jury filed an indictment charging defendant with the misdemeanor of reckless endangerment in the second degree. The issue on appeal is whether the People were required to be ready for trial within six months from the date of defendant's arraignment on the felony complaint, or within 90 days from the filing of the misdemeanor indictment.

CPL 30.30 (1) (a) provides that the People must be ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused on one or more offenses, at least one of which is a felony". Defendant's argument that CPL 30.30 (5) (c) required the People to be ready within 90 days of the filing of the misdemeanor indictment is misplaced. That section is limited to the situation where a felony com-

plaint is "replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article 180 or a prosecutor's information is filed pursuant to section 190.70". The failure of the Legislature to include the prosecution of a misdemeanor indictment within CPL 30.30 (5) (c) is an indication that its exclusion was intended. (Pajak v Pajak, 56 NY2d 394.) Indeed, accusatory instruments that are filed with a local criminal court fall within the purview of this section and even at that all prosecutor's informations are included. Accordingly, the prosecution of a misdemeanor indictment in Supreme Court is governed by CPL 30.30 (1) (a) and defendant was therefore not deprived of her right to a speedy trial. In any event, the People met that burden under CPL 30.30. We find that a total of 125 days was chargeable to the People from the filing of the felony complaint or 88 days from the filing of the misdemeanor indictment.

Furthermore, we do not find that the sentence imposed was unduly harsh or excessive. We need only observe that had defendant's actions not been discovered when they were, the harm caused would have been devastating. Concur—Carro, J. P., Milonas, Asch and Rubin, JJ.