OPINION OF THE COURT
Victor M. Ort, J.
By notice of motion filed December 4, 1997, defendant Sase *266 narine Etwaroo has moved pro se to set aside sentence pursuant to CPL 440.20, claiming that half-year determinate sentences are not authorized for violent felony offenders whose prior felony convictions were nonviolent. The People’s answering papers were filed on December 10, 1997. For the reasons which follow, the motion to set aside sentence is denied, and the court holds that any determinate sentence within the statutorily prescribed range is authorized and permissible. In view of this disposition, defendant’s motion for assignment of counsel and to proceed as a poor person is denied as moot.
CPL 440.20 (1) provides that, "At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.” On July 2, 1997, the court sentenced defendant, as a second felony offender, to a determinate term of 31/2 years’ imprisonment upon his conviction of the class D violent felony offense of attempted robbery in the second degree. Defendant argues that this sentence is illegal because half-year determinate sentences are not specifically authorized for a second felony offender convicted of his initial violent felony offense. The court finds this argument to be without merit.
Penal Law § 70.06 (6) provides:
"When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a second felony offender and the sentence to be imposed on such person is for a violent felony offense * * * the court must impose a determinate sentence of imprisonment the term of which must be fixed by the court as follows * * *
"(c) For a class D violent felony offense, the term must be at least three years and must not exceed seven years”.
By contrast, Penal Law § 70.04 (2) provides, "When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a second violent felony offender the court must impose a determinate sentence of imprisonment which shall be in whole or half years.” (Emphasis supplied.) Defendant’s claim is to the effect that the absence of such a provision in Penal Law § 70.06 (6) indicates that the Legislature did not intend for the sentencing court to have the option of imposing half-year determinate sentences when sentencing second felony offenders (as opposed to second violent felony offenders).
The Donnino, Supplementary Practice Commentaries to the Sentencing Reform Act of 1995 (McKinney’s Cons Laws of NY, *267 Book 39, Penal Law § 70.35, 1997-1998 Supp Pamph, at 101) indicate that defendant’s position is not correct. Judge Donnino in the Commentary states that when sentencing a second felony offender for a violent felony offense, "There appears to be no restriction on imposing any fraction of a year within the specified ranges.” (Id., at 103.) Analysis of the new law leads this court to agree with Judge Donnino’s conclusion. It is clear from the text of amended Penal Law § 70.04 (2) that the Legislature knew how to draft a restriction on the term of determinate sentences when it wanted to impose such a restriction on sentencing courts. Thus, when sentencing a second violent felony offender the court is limited not only to the statutory ranges provided by Penal Law § 70.04 (3), but also by the further requirement that the term must be "in whole or half years.” It is a well-recognized rule of statutory construction that "the failure of the Legislature to include a matter within [a particular statute is] an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394, 397 [1982].) Thus, from the Legislature’s failure to include a restriction to whole-year determinate sentences in Penal Law § 70.06 (6) this court concludes that no such restriction was intended. Indeed, were defendant’s position correct, a court would have more flexibility when sentencing second violent felony offenders than when sentencing mere second felony offenders. Such an irrational result could not have been intended by the Legislature. Thus, the court holds that the 31/2-year determinate sentence that was imposed was an authorized disposition for a second felony offender convicted of a violent felony offense. Indeed, as the Practice Commentary indicates, it appears that any fraction of a year within the specified range is authorized. Since defendant’s sentence was not illegally imposed, the motion to vacate sentence is in all respects denied.