OPINION OF THE COURT
Charles D. Wood, J.
“Life imitates Art far more than Art imitates Life.”[1]
“dr michael hfuhruhurr: Dolores, I’m making a citizen’s divorce!
“dolores: (laughing) What?
“dr michael hfuhruhurr: By the powers vested in me, I hereby declare our marriage null and void! E Pluribus Unum!”[2]
This case presents an issue with respect to the recently enacted no-fault ground, Domestic Relations Law § 170 (7), in an action for divorce. The plaintiff (hereinafter Mr. Schiffer) moves this court for an order directing that summary judgment be granted in his favor for divorce under Domestic Relations Law § 170 (7). The defendant (hereinafter Mrs. Schiffer) opposes Mr. Schiffer’s application and cross-moves for summary judgment dismissing Mr. Schiffer’s complaint.[3] Both parties seek attorney’s fees.
The parties were married in the Commonwealth of Massachusetts on March 25, 1990. There are three unemancipated children of the marriage. On November 29, 2010, Mr. Schiffer commenced this action for divorce, claiming irretrievable breakdown of the marriage for a period of more than six months prior to the commencement of the action. On December 21, 2010, Mrs. Schiffer served her verified answer, contesting these *797 allegations, specifically claiming that Mr. Schiffer’s actions belie his claims that the marriage is irretrievably broken. The parties have not agreed, nor has the court determined, all economic, financial and custody issues.
Effective nearly one year ago (October 12, 2010), with much media fanfare, the Legislature added a “no-fault” ground to New York State’s divorce statute, Domestic Relations Law § 170. This new section allows parties to seek a judgment of divorce when “the relationship between the husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath” (Domestic Relations Law § 170 [7]). The statute also provides that
“[n]o judgment of divorce shall be granted under this subdivision unless and until the economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts’ fees and expenses as well as the custody and visitation with the infant children of the marriage have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce” (id.).
Mr. Schiffer claims that he is entitled to summary judgment because the statute requires one party to subjectively decide whether the marriage is over. He further claims that the statute does not require an examination of objective criteria for determining what constitutes an irretrievable breakdown of the marriage nor does it provide for any defenses. While Mr. Schiffer concedes that equitable distribution and custodial issues have yet to be addressed, he avers that this lack of resolution does not equate to a failure to establish his prima facie case. Instead, he argues that he has fulfilled the necessary requirements of the statute by making a statement under oath that the marriage is irretrievably broken for at least six months, and he is thus entitled to the relief that he is seeking.
Mrs. Schiffer contends that Mr. Schiffer is not entitled to summary judgment since no judgment of divorce can be made unless and until the economic and custodial issues are determined or resolved by the parties. Mrs. Schiffer further claims that she is entitled to summary judgment since she has proffered facts that the alleged breakdown is not irretrievable and that there is a possibility of reconciliation.
It is well settled that a proponent of a summary judgment motion “must make a prima facie showing of entitlement to *798 judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Moreover, “failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once the movant has met this threshold burden, the opposing party must raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In deciding a motion for summary judgment “the party opposing the relief is entitled to the benefit of every favorable inference that may be drawn from the pleadings, affidavits and. competing contentions of the parties” (Nicklas v Tedien Realty Corp., 305 AD2d 385, 386 [2d Dept 2003]; see Brown v Outback Steakhouse, 39 AD3d 450, 451 [2d Dept 2007]).
Since this case involves a question of statutory interpretation, the court “need not look further than the unambiguous language of the statute to discern its meaning” (Jones v Bill, 10 NY3d 550, 554 [2008]; Riley v County of Broome, 95 NY2d 455, 463 [2000]). Stated differently, as the “clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof’ (Majewski v BroadalbinPerth Cent. School Dist. 91 NY2d 577, 583 [1998]; see Matter of Excellus Health Plan v Serio, 2 NY3d 166, 171 [2004]). A court may not enact an intent that the Legislature failed to express, omitted, or excluded (Pajak v Pajak, 56 NY2d 394, 397-398 [1982]; Valladares v Valladares, 55 NY2d 388, 391-393 [1982]; see Matter of Matthew L., 65 AD3d 315, 321 [2d Dept 2009]). Where the relevant statutory language is unambiguous, the court’s role in “resolving such a dispute is limited to giving effect to the language of the statute” (Matter of Heller, 23 AD3d 61, 68 [2d Dept 2006]; see Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]).
The statute clearly states that a judgment may only be granted after economic and custodial issues are resolved.[4] In *799 this case, all of the conditions of the statute have not been met since the economic and custodial issues are yet to be addressed. The court declines to divine an intent that is not explicitly set forth by the Legislature in the statute. Since Mr. Schiffer has failed to meet his prima facie burden, his motion for summary judgment is denied.
Also, the “no-fault” ground and certain other “fault” grounds, specifically, Domestic Relations Law § 170 (2), (3), (5) and (6), are similar in that they each contain elements which require proof of a minimum time duration. For example, Domestic Relations Law § 170 (2) requires abandonment for a period of one year. Domestic Relations Law § 170 (3) requires confinement for a period of three or more years. Domestic Relations Law § 170 (5) requires living apart pursuant to a decree or judgment of separation for one year and the filing of proof of substantial performance. Domestic Relations Law § 170 (6) requires living apart pursuant to a written agreement for one year and the filing of proof of substantial performance. Domestic Relations Law § 170 (7) requires the relationship to be broken down irretrievably for six months and a statement under oath by the plaintiff. The underlying ground for the divorce is not the statement by the plaintiff. The ground for the divorce is the irretrievable breakdown of the marriage, which must have existed for six months.
In all of these similarly constructed sections, each element must be proved to establish the ground for divorce. Domestic Relations Law § 170 (7) does not say, “One party has stated under oath that the relationship between spouses has broken down irretrievably for a period of at least six months.” An assertion by a party that the marital relationship has been irretrievably broken for six months is subject to the same scrutiny and burden of proof as assertions made under other sections of the statute. Domestic Relations Law § 170 (7) is clear, and it is consistent with the overall framework of the entire statute. *800 There is no reason to treat it any differently than the rest of Domestic Relations Law § 170 for purposes of this summary judgment motion. The Legislature has granted matrimonial litigants the option of asserting the no-fault ground — it has not removed a defendant’s basic right to contest grounds, which exists for all other similarly worded sections.
Mrs. Schiffer’s motion for summary judgment is also denied, but for a different reason. In Strack v Strack (31 Misc 3d 258 [Sup Ct, Essex County 2011]), Justice Muller held that the “determination of whether a breakdown of a marriage is irretrievable is a question to be determined by the finder of fact.” (Id. at 263.) This holding demonstrably agrees with fundamental concepts of due process. It also comports with similar interpretations of no-fault statutes from our sister states (see Eversman v Eversman, 4 Conn App 611, 614, 496 A2d 210, 212 [1985] [holding that the “determination of whether a breakdown of a marriage is irretrievable is a question of fact to be determined by the trial court”], cert denied 197 Conn 806, 499 A2d 57 [1985]; Woodruff v Woodruff, 114 NH 365, 367, 320 A2d 661, 663 [1974] [holding that the “question of whether a breakdown of a marriage is irremediable is a question to be determined by the trial court”]; In re Marriage of Walton, 28 Cal App 3d 108, 117, 104 Cal Rptr 472, 480 [1972] [observing that a divorce judgment on the grounds of irreconcilable differences requires a court to find the existence of irreconcilable differences]; Laffosse v Laffosse, 564 SW2d 220, 220 [Ky App 1978] [noting that a “determination of whether a marriage is irretrievably broken or not is a judicial function based upon the evidence in the case”]). Since the sole means of procuring a divorce in New York is by judicial process (NY Const, art I, § 9), precluding a party from contesting a ground for divorce “must be regarded as the equivalent of denying [him or her] an opportunity to be heard . . . and, in the absence of a sufficient countervailing justification for the State’s action, a denial of due process” (Boddie v Connecticut, 401 US 371, 380-381 [1971]). A contrary finding would merely reduce the court to a rubber stamp whenever presented with an action for divorce under Domestic Relations Law § 170 (7).[5]
Here, while Mrs. Schiffer has established that the ancillary issues are not resolved and that her marriage to Mr. Schiffer has *801 not broken down irretrievably, Mr. Schiffer has raised a triable issue of fact that the marriage is, in fact, irretrievably broken for at least six months. The proof bared by the parties suffices to establish a true issue of fact as to whether this marriage is irretrievably broken. Assuming that this matter is not withdrawn or discontinued, a divorce judgment may eventually issue since the parties need not agree on the grounds (Strack v Strack, 31 Misc 3d at 263). In other words, after the parties are afforded the accouterments of due process, the finder of fact will undoubtedly resolve the question as to whether this marriage is irretrievably broken for at least six months (id. at 262-263).
The court has considered both requests for attorney’s fees and they are denied. All matters not herein decided are denied.

. Oscar Wilde, The Decay of Lying (1889).

. Dr. Hfuhruhurr’s “citizen’s divorce” was brilliantly executed by Steve Martin against Kathleen Turner in The Man With Two Brains (Warner Bros. 1983).

. The following papers were considered: Notice of motion, affidavit of Scott E Schiffer, with exhibits A-E, affirmation of Diane M. O’Leary, Esq., memorandum of law; notice of cross motion, affidavit of Lynne M. Schiffer, affirmation of Stevan A. Nosonowitz, Esq., with exhibits A-H, memorandum of law; reply affirmation of Diane M. O’Leary, Esq., reply affidavit of Scott E Schiffer; reply affirmation of Stevan A. Nosonowitz, Esq., reply affidavit of Lynne M. Schiffer.

. While it is inappropriate for a court to resort to extrinsic evidence, such as the legislative history of a statute, where the statutory language is clear and unambiguous (see People v Cypress Hills Cemetery, 208 AD2d 247, 251 [2d Dept 1995]), a review of the legislative bill memoranda in this case only further supports the court’s conclusion (see Matter of County of Westchester v Board of Trustees of State Univ. of N.Y., 9 NY3d 833 [2007]). Documents submitted in support of the “no-fault” legislation from the Senate and *799 Assembly indicate a requirement of addressing all ancillary issues before a divorce judgment may issue (Senate Introducer Mem in Support, Bill Jacket, L 2010, ch 384, at 12 [noting that a divorce could only be granted “after the ancillary issues have been resolved ... A judgment of divorce under this subdivision could not be issued until all of these issues are resolved”]; Letter from Assemblyman Jonathan Bing, Aug. 5, 2010, at 8, Bill Jacket, L 2010, ch 384 [explaining that “(t)he legislation requires that the divorce judgment be granted only after custody and financial issues are resolved. Because a resolution of all the major issues must be reached before a divorce judgment is granted, this legislation safeguards the parties’ rights and economic interests”]).

. At least one commentator has explored a number of outlandish hypothetical situations which may materialize if the court denied a party an opportunity to be heard (Tippins, Expert Analysis, No-Fault Divorce and Due Process, NYLJ, Mar. 3, 2011, at 3).