*644 OPINION OF THE COURT
Daniel Palmieri, J.
The motion by the defendant to dismiss this action pursuant to CPLR 3211 (a) (7) is granted to the extent that the first and second causes of action, alleging cruel and inhuman treatment and constructive abandonment, respectively, are dismissed, and is otherwise denied.
That branch of the cross motion by the plaintiff for an order permitting him to serve an amended complaint is granted with respect to the second cause of action, and is otherwise denied. Those branches of the cross motion that are for a direction that the parties share in all family expenses during the pendency of the action pro rata based upon their income at the commencement of the action, that the defendant produce certain stated documents, that both parties be enjoined from making any changes to the beneficiaries designated in their life insurance policies, and for a direction that defendant not borrow from her pension, are decided as set forth in this order. All requests for relief not specifically addressed are denied.
CPLR 3016 (c) requires that in an action for divorce, “the nature and circumstances of a party’s alleged misconduct, if any, and the time and place of each act complained of, if any, shall be specified in the complaint.”
In this case, the plaintiff has sought a divorce on three grounds: cruel and inhuman treatment (Domestic Relations Law § 170 [1]), constructive abandonment (Domestic Relations Law § 170 [2]), and an irretrievable breakdown in the marital relationship (Domestic Relations Law § 170 [7]). Upon a review of the complaint the court agrees with the defendant that a claim of cruel and inhuman treatment is not made out, as it does not specify the time and place of the misconduct, and, in addition, does not allege conduct that rises to the required level. All that is alleged is that the wife called the husband vile names and used obscene language, told the plaintiff husband that she doesn’t want to be married to him any more, and that he was not a good husband. This is patently insufficient. (See Gulati v Gulati, 50 AD3d 1095 [2d Dept 2008]; Wilson v Wilson, 244 AD2d 646 [3d Dept 1997].) Accordingly, this claim is dismissed. Moreover, the proposed amendment does not cure the defect, as the incidents alleged are more in the nature of rejection, rather than cruelty. Although amendments to pleadings should be freely given as a general matter (CPLR 3025 [b]), leave should *645 be denied when it is clear that the proposed amendment lacks merit. (See e.g. Unger v Leviton, 25 AD3d 689 [2d Dept 2006].) That is the case here. Leave to replead this claim is therefore denied.
The allegations made with regard to the abandonment claim also suffer from an absence of factual statements regarding the time and place of the refusal of sexual relations, and, without more, the statement that the parties have not engaged in such sexual relations is not an allegation that there was a refusal upon a request to resume them. However, the court finds that the amended complaint does sufficiently state a claim, in that rejection of plaintiffs repeated requests is stated and is alleged to be at all times for a year prior to the commencement of this action. (Cf. Mehl v Mehl, 59 AD3d 402 [2d Dept 2009].) Moreover, the court does not find that there has been an inordinate delay in moving to amend (original complaint dated Mar. 2011, cross motion to amend made July 2011), or prejudice to the defendant. (Levine v Levine, 286 AD2d 423 [2d Dept 2001].) Accordingly, this claim is dismissed, with leave to replead as stated in the proposed amended complaint.
With respect to the final claim, plaintiff alleges in his verified complaint that “[t]he relationship between Plaintiff and Defendant has broken down irretrievable [sic] for a period of at least six months.” The court disagrees with the defendant that CPLR 3016 (c) and the cases that cite that statute mandate factual allegations supporting this claim.
As noted above, CPLR 3016 (c) refers to the necessity of pleading allegations of “misconduct.” However, Domestic Relations Law § 170 (7) permits a party to seek a divorce upon a sworn statement by that party that the marital relationship between husband and wife has broken down irretrievably for a period of at least six months. As indicated, this has been pleaded. This section does not require the plaintiff to allege that the other party was responsible for the breakdown or had misbehaved in any way. Not surprisingly, this has been referred to as a “true no-fault divorce ground.” (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C170:21, at 116.) The very essence of the new law is to dispense with the necessity of proving misconduct by the other spouse.
It is certainly true, as defendant states, that the Legislature did not amend CPLR 3016 when it added the new section of the Domestic Relations Law, but that does not mean, as she argues, that the statute requires that even the “no-fault” ground must *646 be supported with factual allegations regarding the parties’ conduct. CPLR 3016 (c) speaks only of pleading acts of misconduct, and misconduct does not have to be alleged under Domestic Relations Law § 170 (7). Therefore, it is more accurate to say that CPLR 3016 (c) continues to apply where marital fault is alleged, but does not apply when the plaintiff alleges a breakdown in the relationship, as there is no need to cast blame on the other party. The cases upon which defendant relies therefore are inapplicable. (See Tabib v Tabib, 56 AD3d 460, 461 [2d Dept 2008] [“Without further details, the defendant has not been sufficiently apprised of the accusations against him to defend against the plaintiffs claims”] [emphasis supplied]; see also Dodd v Colbert, 64 AD3d 982 [3d Dept 2009]; Harari v Harari, 234 AD2d 421 [2d Dept 1996].) Indeed, given the clear language of the statute regarding the need to prove “misconduct,” the lack of an amendment to CPLR 3016 indicates that the Legislature was not requiring a party asserting the new “no-fault” ground to plead and prove facts in support of the irretrievable breakdown. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) If its intention were otherwise, such an amendment to the divorce action pleading requirements would be needed. Rather, all that is required is the sworn statement of the irretrievable breakdown, a statement that finds no counterpart in any of the “fault” grounds. Accordingly, the motion to dismiss is denied as to the claim made under Domestic Relations Law § 170 (7).
The court notes that as the Legislature in adopting section 170 (7) has not required the pleading of objective facts of the breakdown, but has required instead no more than a sworn statement of a breakdown by the plaintiff, it does not appear that a plaintiff can be put to his or her proof on the subject. Under this new ground the plaintiff’s sworn belief about the state of the relationship must be deemed sufficient, for if not the party seeking the divorce on this basis could be put through the same type of litigation regarding the martial relationship that this legislative addition was clearly designed to avoid. This court therefore agrees with the analysis set forth by Justice Falanga that the section 170 (7) ground is inherently subjective in nature, and “a plaintiffs self-serving declaration about his or her state of mind is all that is required for the dissolution of a marriage on the ground that it is irretrievably broken.” (A.C. v D.R., 32 Misc 3d 293, 306 [Sup Ct, Nassau County 2011].)
Although this may seem harsh to a defendant spouse who does not view the state of the marriage the same way as the *647 plaintiff, actions for divorce are entirely statutory; courts are bound to follow the scheme enacted by the Legislature, without adding or deleting requirements to conform to judicial notions of fairness. (See Pajak v Pajak, 56 NY2d 394 [1982].) This court thus respectfully disagrees with the views expressed in Schiffer v Schiffer (33 Misc 3d 795 [Sup Ct, Dutchess County 2011]) and Strack v Strack (31 Misc 3d 258 [Sup Ct, Essex County 2011]).
That branch of the cross motion that is for a sharing of family expenses pro rata based upon the parties’ incomes at the commencement of the action is denied. The Supreme Court is statutorily empowered to award pendente lite relief to a moving spouse in any pending matrimonial action. (See Domestic Relations Law § 236 [B]; Hoenig v Hoenig, 245 AD2d 262 [2d Dept 1997].) Such awards are a temporary accommodation between the reasonable needs of the moving spouse and the ability and financial circumstances of the other spouse. (Cooper v Cooper, 7 AD3d 746 [2d Dept 2004]; Pascale v Pascale, 226 AD2d 439 [2d Dept 1996].)
Here, there is no demonstration that the reasonable needs of the movant or of the parties’ children are not being met, as all continue to reside together in the marital residence, and it is apparent that the bills are being paid. Rather, the basis of the request for this relief is that plaintiff believes it unfair that the defendant, who retired from the New York City Police Department after the action was commenced, now asserts that she no longer has her full salary and thus has less to contribute to household expenses. Plaintiff, in effect, wants the court to “balance the scales” by imputing income to the defendant and to direct specific percentages based on such imputed income. This, however, is not the purpose of a pendente lite award, as noted above. Here, there is no proven need for support on the part of the moving party, especially in view of the fact that even before the defendant’s retirement the plaintiffs income exceeded hers. The plaintiff is free to make his arguments regarding any diminution of the defendant’s income at trial, but there is no basis for the court to award pendente lite relief under the circumstances present here.
Those branches of the cross motion that are to provide insurance and pension loan information are denied, without prejudice to raising any issue of outstanding discovery by way of mo *648 tion or otherwise.* The court notes that in her response to the cross motion defendant has presented information about her insurance policy, and a separate motion regarding disclosure is presently pending. So much of those branches of the cross motion that seek to enjoin any change to the beneficiaries named in the parties’ life insurance policies, and to enjoin defendant from borrowing from her pension, are denied as academic, as the automatic orders already provide for that injunction. (Domestic Relations Law § 236 [B] [2].) However, it should be noted that this court expects both parties to obey these orders, and will not hesitate to issue appropriate sanctions if they are violated.
The amended complaint, without the claim for cruel and inhuman treatment, shall be deemed served with the cross motion, and the defendant shall have 30 days from the date of this order to answer.

 The court has not been provided here with an affirmation of a good faith attempt to resolve the issue, required of all movants who make motions regarding discovery. (22 NYCRR 202.7 [a].)