OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
In a proceeding to revoke letters of administration issued to respondent Jason Richards and for related relief: (1) Mr. Richards moves pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition; and (2) petitioner Loraine Perricelli cross-moves for an order suspending Mr. Richards as administrator of the estate.
Mr. Richards and the decedent married in or about October 2007. Prior to and during the marriage, the decedent suffered from a physically debilitating disease which ultimately forced her to retire from the Yonkers police force. In the fall of 2010, the decedent broke her hip and was admitted to Bethel Rehabilitation Facility, where she remained for more than three months.
In or about January 2011, Mr. Richards moved out of the marital residence and into a separate apartment. Later, he commenced an action for divorce against the decedent in Supreme Court, Westchester County. The grounds asserted for the divorce was the irretrievable breakdown of the relationship under what is commonly known as the “no fault” divorce law {see Domestic Relations Law § 170 [7]).
The decedent filed a verified answer in the divorce action, admitting that the marriage was irretrievably broken and requesting that the court grant a divorce on that basis. However, she also requested that the court award her maintenance, direct equitable distribution of the marital property, and direct Mr. Richards to contribute to the parties’ marital debts. Pursuant to statute, the court could not grant a divorce until the ancillary issues were resolved (Domestic Relations Law § 170 [7]).
On October 18, 2011, the decedent died while the divorce action was still pending. Soon thereafter, Mr. Richards filed a proceeding in this court to obtain letters of administration in the decedent’s estate, identifying himself as the only interested party to the proceeding. By decree dated November 15, 2011, the court granted his petition and letters of administration issued to him.
In or about January 2012, the petitioner — the decedent’s mother — commenced this proceeding requesting that the court *421 revoke letters of administration issued to Mr. Richards on the ground that he had abandoned the decedent (see EPTL 5-1.2 [a] [5]), and that the court issue letters of administration to her. She also requests that the court suspend Mr. Richards as administrator of the estate and other related relief.
Mr. Richards now moves pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition and for related relief. First, he requests that, pursuant to CPLR 3211 (c), the court treat his motion as a motion for summary judgment. He claims that the court should dismiss the petition because the decedent, by admitting in the divorce action that the marriage was irretrievably broken, acknowledged that Mr. Richards had grounds for divorce, and that he was justified in and/or that she consented to him moving out of the marital residence. Therefore, he concludes, the petitioner cannot establish that he abandoned the decedent.
In response, the petitioner opposes Mr. Richards’s motion and cross-moves pursuant to SCPA 711 (1) and 712 to suspend Mr. Richards as administrator of the estate. She contends that the court should deny the motion to dismiss because Mr. Richards was not justified in moving out of the marital residence and that the decedent did not consent to him moving out. She states that the decedent’s admission that the marriage was irretrievably broken was due to Mr. Richards’s abandonment of her. She also notes that the decedent requested maintenance from Mr. Richards and that he be directed to contribute to the marital debts.
On her cross motion, the petitioner asserts that the court should suspend Mr. Richards as administrator because: (1) she did not have an opportunity to object to his appointment in his proceeding for letters of administration; and (2) his petition for letters of administration contained false and/or misleading statements which were the basis for his appointment. On the latter point, she refers to the statement in the administration petition that the estate has no creditors when, in fact, the petitioner and her husband have paid the funeral bill and other debts of the decedent, and therefore, are creditors of the estate. She also states that the estate has other creditors.
In his reply in support of his motion, Mr. Richards contends that the court should convert his motion to a motion for summary judgment and grant his motion to dismiss because the petitioner did not oppose the former request and because she did not submit proof in admissible form on the issue of abandon *422 ment. With his reply papers, Mr. Richards has submitted an affidavit in which he states that he moved out of the marital residence because the decedent failed to follow her physician’s instructions regarding her care, and that the decedent consented to him doing so.
In opposition to the cross motion, Mr. Richards states that no basis exists to suspend him as fiduciary of the estate. He states that the petitioner and her husband did not seek reimbursement of the funeral expenses, and that the petitioner and her husband expressly told the funeral director not to give Mr. Richards information about the funeral bill.
Pursuant to SCPA 711 (1), the court may suspend, modify or revoke letters issued to a fiduciary “[w]here the respondent was, when letters were issued to him, or has since become ineligible or disqualified to act as fiduciary and the grounds of the objection did not exist or the objection was not taken by the petitioner . . . before the letters were granted.” EPTL 5-1.2 (a) provides, in relevant part, that
“[a] husband or wife is a surviving spouse within the meaning, and for the purposes of [EPTL] 4-1.1 . . . , unless it is established satisfactorily to the court having jurisdiction of the action or proceeding that: . . .
“(5) The spouse abandoned the deceased spouse, and such abandonment continued until the time of death.”
Because the divorce action abated upon the decedent’s death (Matter of Forgione, 237 AD2d 438 [1997], lv denied 90 NY2d 804 [1997]), Mr. Richards is the decedent’s surviving spouse unless the petitioner establishes that he abandoned her. One seeking to disqualify a surviving spouse from sharing in a deceased spouse’s estate based upon abandonment must, as in an action for separation, establish that the surviving spouse departed from the marital residence and lived separate and apart from the deceased spouse with an intent not to return to the marital residence, without justification, and without the consent of the deceased spouse (Matter of Riefberg, 58 NY2d 134, 138 [1983]). The party alleging abandonment bears the burden of proof on these issues (id.; Matter of Ruff, 91 AD2d 814 [1982]), and the issue is almost always a question of fact (Matter of Riefberg, 58 NY2d at 138; Gerteis v Gerteis, 44 AD3d 709 [2007]).
Initially, the court denies that branch of Mr. Richards’s motion which requests that the court treat his motion as one *423 for summary judgment. Although a party may request such relief in its motion, ultimately the court has discretion whether to treat a motion to dismiss pursuant to CPLR 3211 as a motion for summary judgment pursuant to CPLR 3212 (see Sokol v Leader, 74 AD3d 1180 [2010]; Bronner v Butterfield, 2 AD3d 475 [2003]). Here, the parties have engaged in no discovery on issues which are generally factually driven (see SPI Communications v WTZA-TVAssoc. Ltd. Partnership, 229 AD2d 644 [1996]). Further, other than the pleadings from the divorce action and the instant proceeding, Mr. Richards initially submitted no other evidence in support of his motion which convinces the court to exercise its discretion under CPLR 3211 (c) and convert the instant motion to one for summary judgment. Although he ultimately submitted an affidavit in support of his motion and in opposition to the petitioner’s motion, it was submitted with his counsel’s reply affirmation. Therefore, it should not be considered in support of his motion (see Osborne v Zornberg, 16 AD3d 643 [2005]; Jackson-Cutler v Long, 2 AD3d 590 [2003]). In any event, his statements that the decedent consented to his departure generally would not be considered in support of a motion for summary judgment {see CPLR 4519). Thus, the court will determine Mr. Richards’s motion under the law applicable to a motion to dismiss pursuant to CPLR 3211.
On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord [petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]). In her verified petition in this proceeding, the petitioner alleges that the court should revoke letters issued to Mr. Richards because he departed from the marital residence without the intent to return, without justification, and without the decedent’s consent. Therefore, her petition sufficiently alleges a cause of action to disqualify Mr. Richards from sharing in the decedent’s estate based on abandonment under EPTL 5-1.2 (a) (5). Accordingly, the court denies that branch of the motion which is to dismiss the petition for failure to state a cause of action.
Next, the court turns to that branch of the motion which is to dismiss the petition based upon documentary evidence. “A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence resolves all factual issues as a *424 matter of law, and conclusively disposes of the [petitioner’s] claim” (Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010] [citations and internal quotation marks omitted]). “[T]o be considered ‘documentary,’ evidence must be unambiguous and of undisputed authenticity” (id. at 86). Although the decedent’s verified answer in the divorce action constitutes “documentary evidence” within the meaning of CPLR 3211 (a) (1) (see Fontanetta, 73 AD3d at 84-85 [judicial records constitute documentary evidence]), it does not conclusively dispose of the petitioner’s claim in this case.
Justification is a defense to a cause of action for separation based on abandonment, and it exists where the “abandoning” spouse has grounds for divorce from the “abandoned” spouse (see McNair v McNair, 262 AD2d 1048 [1999]; Johnson v Johnson, 167 AD2d 954 [1990]; P.K. v R.K., 12 Misc 3d 1167[A], 2006 NY Slip Op 51087[U] [2006] [Sup Ct, Nassau County, June 2, 2006, Falanga, J.]). In other words, justification exists where “the acts of one spouse require the other to leave the marital home” (James v James, 13 AD3d 583, 585 [2004, S. Miller, J., concurring]), and it contemplates some misconduct or fault on the part of the “abandoned” spouse (see Matter of De Andressi, NYLJ, Dec. 9, 1996, at 27, col 3 [Sur Ct, Nassau County, Radigan, S.]). Thus, justification focuses on the “abandoned” spouse’s conduct.
The “no fault” divorce statute provides that either spouse may obtain a judgment for divorce where “[t]he relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath” (Domestic Relations Law § 170 [7]). Although the court cannot grant a judgment of divorce under this section until all ancillary issues have been resolved (id.), as expressly stated by the sponsors of the bill enacting this section, its purpose is to allow a court to grant either spouse a divorce “without assigning fault to either of the parties” (Sponsor’s Mem, Bill Jacket, L 2010, ch 384).
The court rejects Mr. Richards’s claim that the decedent’s admission in the divorce action that the marriage was irretrievably broken conclusively establishes justification for his departure from the marital residence. Because the defense of justification to a claim of abandonment requires a showing of misconduct or fault of the “abandoned” spouse, it would be inconsistent, if not contradictory, to allow one who has sought a divorce under the “no fault” law to rely upon the pleadings *425 from the divorce action — in which he/she has made a sworn statement to the effect that neither party was at fault for the irretrievable breakdown of the marriage — to establish that he/she was justified in leaving the marital residence due to some misconduct or fault of the other spouse. This is all the more apparent when one considers that one often-mentioned justification for enactment of the no-fault divorce law was to eliminate the necessity of one or both spouses perjuring themselves in a divorce action in order to provide grounds for divorce. It would be supremely ironic to allow a spouse, who, by seeking a divorce under the no-fault statute, has implicitly represented under oath that neither party was at fault for the irretrievable breakdown of the marriage, to later claim that his/her departure from the marital residence was justified by the misconduct or fault of the other spouse because a change of circumstances (i.e., the death of the other spouse) renders it financially beneficial for him/her to do so.
Additionally, the court dismisses any significance to the decedent’s admission that the marriage was irretrievably broken because it is doubtful that she could have even contested the allegation. Although trial courts which have examined the issue disagree whether a defendant in a properly-pleaded “no fault” divorce action may contest the grounds for the divorce, i.e., claim that the relationship is not irretrievably broken (see A.C. v D.R., 32 Misc 3d 293 [2011]; Townes v Coker, 35 Misc 3d 543 [Sup Ct, Nassau County, Feb. 8, 2012, Bruno, J.]; Vahey v Vahey, 35 Misc 3d 691 [Sup Ct, Nassau County, Feb. 3, 2012, Palmieri, J.]; but see Schiffer v Schiffer, 33 Misc 3d 795 [2011]), this court agrees with those cases that hold that the defendant may not do so. To hold otherwise seems utterly contradictory to the purpose of the no-fault divorce statute.
Mr. Richards also notes that the decedent did not file a counterclaim for divorce against him based upon abandonment. This is a proverbial red herring. The decedent could not have obtained a divorce on this ground, as the alleged abandonment did not last for at least one year (see Gulati v Gulati, 60 AD3d 810 [2009]).
Because nothing else in this record suggests, much less conclusively establishes, that the decedent was guilty of some misconduct which justified Mr. Richards’s departure from the marital residence, or that the decedent consented to his departure, Mr. Richards’s motion is denied in its entirety, and he is directed to serve and file an answer within 10 days of the *426 petitioner serving his counsel with notice of entry of this decision and order (CPLR 3211 [f]).
Next, the court addresses the petitioner’s cross motion to suspend Mr. Richards as administrator. As stated above, SCPA 711 (1) permits the court, among other things, to modify letters issued to a fiduciary “[wjhere the respondent was, when letters were issued to him, or has since become ineligible or disqualified to act as fiduciary and . . . the objection was not taken by the petitioner . . . before the letters were granted” (id.). Because the petitioner was neither listed nor cited as an interested party in Mr. Richards’s application for letters of administration, she was not given an opportunity to object to his application on the grounds asserted in her petition.
Accordingly, pursuant to SCPA 711 (1) the court grants the cross motion to the extent that letters of administration issued to Mr. Richards are modified as follows: (1) Mr. Richards shall file a surety bond in the amount of $146,000; (2) Mr. Richards shall be precluded from making any distributions of estate assets pending resolution of this proceeding. To the extent that Mr. Richards has distributed any estate assets, he is directed to return such assets to the estate within 14 days of the petitioner serving his counsel with notice of entry of this decision and order. Within seven days of returning such assets to the estate, Mr. Richards shall serve upon petitioner’s counsel and file with the court an affidavit to that effect. Within that same time, he shall also file with the court an inventory of assets.
Counsel for the parties shall appear in court on Wednesday, May 23, 2012, for a conference and issuance of a discovery order, unless the time for Mr. Richards to file an answer has not yet expired by that date. In that event, counsel for the parties shall contact the court to arrange a mutually agreeable adjourned date.