# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1108
CA 13-02249
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

NICHOLAS D. TRBOVICH, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

JACQUELINE TRBOVICH, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO, BOUVIER PARTNERSHIP, LLP, EAST AURORA, THE COSGROVE LAW FIRM (EDWARD C. COSGROVE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICE OF JOSEPH G. MAKOWSKI, BUFFALO (JOSEPH G. MAKOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered September 13, 2013 in a divorce action. The order, among other things, denied plaintiff's motion for, inter alia, summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by granting plaintiff's motion in part and vacating the award of temporary maintenance and as modified the order is affirmed without costs.

Memorandum: Plaintiff husband appeals from three orders in this matrimonial action. By the order in appeal No. 1, Supreme Court denied plaintiff's motion for, inter alia, summary judgment seeking a divorce pursuant to Domestic Relations Law § 170 (7) and to vacate a prior ex parte order awarding temporary maintenance to defendant. By the order in appeal No. 2, the court granted defendant's motion for attorneys' fees in the amount of $56,190, subject to equitable distribution and, by the order in appeal No. 3, the court, inter alia, directed plaintiff to respond to defendant's discovery demands and scheduled plaintiff's deposition.

We conclude in appeal No. 1 that the court properly denied that part of plaintiff's motion for summary judgment seeking a divorce pursuant to Domestic Relations Law § 170 (7). The requirements for a divorce under that section are (1) a statement under oath by one party that the relationship has broken down irretrievably for a period of at least six months; and (2) a resolution of "the economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts' fees and expenses as well as the custody and visitation

with the infant children of the marriage" (*id.*).  We agree with plaintiff that the opposing spouse in a no-fault divorce action pursuant to Domestic Relations Law § 170 (7) is not entitled to litigate the other spouse's sworn statement that the relationship has broken down irretrievably for a period of at least six months (*see Palermo v Palermo*, 35 Misc 3d 1211[A], 2011 NY Slip Op 52506[U], *15, *affd for reasons stated* 100 AD3d 1453; *see e.g. Rinzler v Rinzler*, 97 AD3d 215, 218; *A.C. v D.R.*, 32 Misc 3d 293, 306).  To the extent that our decision in *Tuper v Tuper* (98 AD3d 55, 59 n) suggested otherwise, we decline to follow it.

Nevertheless, plaintiff is not entitled to summary judgment under Domestic Relations Law § 170 (7) at this juncture of the litigation. The statute provides that "[n]o judgment of divorce shall be granted under this subdivision unless and until" the ancillary economic and custodial issues "have been resolved by the parties, or determined by the court and incorporated into the judgment of divorce" (§ 170 [7]), and here the ancillary issues have not been resolved by the parties or determined by the court (*see Palermo*, 35 Misc 3d 1211[A], 2011 NY Slip Op 52506[U], *15; *A.C.*, 32 Misc 3d at 308).

In appeal Nos. 1 and 2, plaintiff contends that the court erred in granting defendant pendente lite relief in the form of housing expenses and weekly support (collectively, temporary maintenance) and in granting defendant's motion for attorneys' fees because the parties' prenuptial agreement precludes such awards.  We agree.  As an initial matter, we reject defendant's contention that any issue concerning the award of temporary maintenance is not properly before us.  Although no appeal lies from an ex parte order (*see* CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333, 335), here plaintiff, by way of the instant motion on notice that is the subject of appeal No. 1, sought to vacate the ex parte order awarding temporary maintenance and then took an appeal from the order in appeal No. 1, which denied his motion in all respects and continued the prior order (*see* CPLR 5701 [a] [3]; *Sholes*, 100 NY2d at 335; *Village of Savona v Soles*, 84 AD2d 683, 684-685).

With respect to the merits of plaintiff's contention, we note that "[i]t is well settled that duly executed prenuptial agreements are generally valid and enforceable given the 'strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements' " (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577, quoting *Bloomfield v Bloomfield*, 97 NY2d 188, 193; *see* Domestic Relations Law § 236 [B] [3]).  "[A] prenuptial agreement is accorded the same presumption of legality as any other contract . . . and the validity of such an agreement is presumed unless the party opposing the agreement comes forward with evidence demonstrating 'fraud, duress, or overreaching, or that the agreement or stipulation is . . . unconscionable' " (*Darrin v Darrin*, 40 AD3d 1391, 1392-1393, *lv dismissed* 9 NY3d 914).  "As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing" (*Van Kipnis*, 11 NY3d at 577).  "When interpreting a contract, such as a prenuptial

agreement . . . , 'the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Noach v Noach*, 53 AD3d 602, 603; *see Kass v Kass*, 91 NY2d 554, 567).

Here, the prenuptial agreement provides that, "[i]n the event of an action for dissolution of the contemplated marriage, [defendant] and [plaintiff] each waives and releases any right she or he may have under the law now or hereinafter in effect for temporary alimony or attorneys' fees."  The agreement also indicates that "maintenance" is "commonly referred to as alimony."  Thus, the parties entered into a prenuptial agreement in which each waived and released any right to temporary maintenance and attorneys' fees after the institution of an action for dissolution of the marriage.  "That agreement is controlling unless and until it is set aside" (*Rubin v Rubin*, 262 AD2d 390, 391).  Although defendant has asserted counterclaims seeking to vacate the agreement, she has not moved for summary judgment on those counterclaims and has not proffered any evidence "to establish fraud, overreaching, concealment, misrepresentation or some form of deception on the part of [plaintiff], as required in order to overcome the presumption of legality of the agreement" (*Costanza v Costanza* [appeal No. 2], 199 AD2d 988, 989; *see Darrin*, 40 AD3d at 1392-1393).  Thus, the court erred in awarding temporary maintenance and attorneys' fees inasmuch as such awards are barred by the plain terms of the valid agreement.  We therefore modify the order in appeal No. 1 by granting that part of plaintiff's motion seeking to vacate the award of temporary maintenance, and we reverse the order in appeal No. 2 granting defendant's motion for attorneys' fees.

We have reviewed plaintiff's remaining contentions in appeal No. 1 and conclude that they lack merit.

Finally, the order in appeal No. 3 was issued following a compliance conference requested by defendant, and it "is not appealable as of right because it does not decide a motion made on notice" (*Koczen v VMR Corp.*, 300 AD2d 285, 285; *see* CPLR 5701 [a] [2]).  We therefore dismiss plaintiff's appeal from the order in appeal No. 3.

All concur except LINDLEY, J., who concurs in the result in the following Memorandum:  Although I concur in the result reached by the majority, I write separately because I respectfully disagree with its conclusion that defendant is not entitled to a trial on the issue of whether the parties' relationship has broken down irretrievably for a period of at least six months.  Domestic Relations Law § 173 reads: "In an action for divorce there is a right to trial by jury of the issues of the grounds for granting the divorce."  One of the "grounds" for divorce in New York is that "[t]he relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath" (§ 170 [7]). It thus stands to reason that a defendant in a matrimonial action is entitled to contest at trial his or her spouse's sworn statement that the marital relationship has broken down irretrievably for a period of

six months. To conclude otherwise is to assume that the Legislature, when it enacted section 170 (7) in 2010, made a mistake in failing to amend section 173 so as to state that there is no right to a jury trial with respect to the no-fault grounds. It is well settled, however, that the "clearest indicator of legislative intent is the statutory text" (*Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 NY2d 577, 583; *see Matter of Excellus Health Plan, Inc. v Serio*, 2 NY3d 166, 171), and that a court may not "by a process of judicial legislative revision" effectuate an intent that the Legislature failed to express, omitted, or excluded (*Valladares v Valladares*, 55 NY2d 388, 393; *see Pajak v Pajak*, 56 NY2d 394, 397-398). As has been stated elsewhere, if the Legislature "intended to abolish the right to trial for the grounds contained in Domestic Relations Law § 170 (7), it would have explicitly done so" (*Strack v Strack*, 31 Misc 3d 258, 263; *see Schiffer v Schiffer*, 33 Misc 3d 795, 800).

Unlike the majority, I cannot agree with the conclusion reached in *Palermo v Palermo* (35 Misc 3d 1211[A], 2011 NY Slip Op 52506[U], *affd* 100 AD3d 1453), which admittedly has gained widespread acceptance at the trial level (*see e.g. G.T. v A.T.*, 43 Misc 3d 500, 509; *Matter of Perricelli*, 36 Misc 3d 418, 424-425; *Filstein v Bromberg*, 36 Misc 3d 404, 408-409; *Townes v Coker*, 35 Misc 3d 543, 546-550; *Vahey v Vahey*, 35 Misc 3d 691, 693-695). To begin with, I do not perceive "an apparent collision of the no-fault entitlement under DRL § 170 (7), and the trial right under DRL § 173" (*Palermo*, 35 Misc 3d at *4). Section 170 (7) does not state that a divorce may be *obtained* by a sworn statement from one party that the relationship has broken down irretrievably for a period of at least six months; rather, the statute provides that "[a]n action for divorce may be *maintained*" by providing such a sworn statement (emphasis added). In my view, that language is not inconsistent with section 173 insofar as it grants parties in a matrimonial action the right to contest grounds at trial. Because there is no conflict between the two statutes, I see no need to delve into the legislative history in an attempt to discern the Legislature's intent behind section 170 (7). In any event, as noted in *Tuper v Tuper* (98 AD3d 55, 59 n), the sponsor of the no-fault bill in the New York State Assembly, Assemblyman Jonathan Bing, repeatedly stated during the debate in the Assembly that a defendant in a no-fault case will have the right to a jury trial to contest whether there exists an irretrievable breakdown in the marital relationship (*see* NY Assembly Debate on Assembly Bill A9753-A, July 1, 2010, transcript at 231-238).

Finally, although I agree that allowing a party to obtain a divorce by the mere filing of a sworn statement that there has been an irretrievable breakdown in the marital relationship will no doubt "lessen the burden on both parties and promote judicial economy by obviating the necessity of a trial on the issue of fault" (*Rinzler v Rinzler*, 97 AD3d 215, 218), that, in my view, is a policy determination that should be made by the Legislature, not the courts. In short, I submit that we should be constrained to apply the law as unambiguously set forth in Domestic Relations Law § 173, however

unwise and undesirable the result may be.