Lindley, J.
(concurring). Although I concur in the result reached by the majority, I write separately because I respectfully disagree with its conclusion that defendant is not entitled to a trial on the issue of whether the parties’ relationship has broken down irretrievably for a period of at least six months. Domestic Relations Law § 173 reads: “In an action for divorce there is a right to trial by jury of the issues of the grounds for granting the divorce.” One of the “grounds” for divorce in New York is that “[t]he relationship between husband and wife has broken down irretrievably for a period of at least six months, provided that one party has so stated under oath” (§ 170 [7]). It thus stands to reason that a defendant in a matrimonial action is entitled to contest at trial his or her spouse’s sworn statement that the marital relationship has broken down irretrievably for a period of six months. To conclude otherwise is to assume that the Legislature, when it enacted section 170 (7) in 2010, made a mistake in failing to amend section 173 so as to state that there is no right to a jury trial with respect to the no-fault grounds. It is well settled, however, that the “clearest indicator of legislative intent is the statutory text” (Majewski v *1385 Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see Matter of Excellus Health Plan v Serio, 2 NY3d 166, 171 [2004]), and that a court may not “by a process of judicial legislative revision” effectuate an intent that the Legislature failed to express, omitted, or excluded (Valladares v Valladares, 55 NY2d 388, 393 [1982]; see Pajak v Pajak, 56 NY2d 394, 397-398 [1982]). As has been stated elsewhere, if the Legislature “intended to abolish the right to trial for the grounds contained in Domestic Relations Law § 170 (7), it would have explicitly done so” (Strack v Strack, 31 Misc. 3d 258, 263 [2011]; see Schiffer v Schiffer, 33 Misc. 3d 795, 800 [2011]).
Unlike the majority, I cannot agree with the conclusion reached in Palermo v Palermo (35 Misc. 3d 1211 [A], 2011 NY Slip Op 52506[U] [2011], affd 100 AD3d 1453 [2012]), which admittedly has gained widespread acceptance at the trial level (see e.g. G.T. v A.T., 43 Misc. 3d 500, 509 [2014]; Matter of Perricelli, 36 Misc. 3d 418, 424-425 [2012]; Filstein v Bromberg, 36 Misc. 3d 404, 408-409 [2012]; Townes v Coker, 35 Misc. 3d 543, 546-550 [2012]; Vahey v Vahey, 35 Misc. 3d 691, 693-695 [2012]). To begin with, I do not perceive “an apparent collision of the no-fault entitlement under Domestic Relations Law § 170 (7), and the trial right under [Domestic Relations Law] § 173” (Palermo, 35 Misc. 3d 1211[A], 2011 NY Slip Op 52506[U], *4 [2011]). Section 170 (7) does not state that a divorce may be obtained by a sworn statement from one party that the relationship has broken down irretrievably for a period of at least six months; rather, the statute provides that “[a]n action for divorce may be maintained” by providing such a sworn statement (emphasis added). In my view, that language is not inconsistent with section 173 insofar as it grants parties in a matrimonial action the right to contest grounds at trial. Because there is no conflict between the two statutes, I see no need to delve into the legislative history in an attempt to discern the Legislature’s intent behind section 170 (7). In any event, as noted in Tuper v Taper (98 AD3d 55, 59 n [2012]), the sponsor of the no-fault bill in the New York State Assembly, Assemblyman Jonathan Bing, repeatedly stated during the debate in the Assembly that a defendant in a no-fault case will have the right to a jury trial to contest whether there exists an irretrievable breakdown in the marital relationship (see NY Assembly Debate on Assembly Bill A9753-A, July 1, 2010, tr at 231-238).
Finally, although I agree that allowing a party to obtain a divorce by the mere filing of a sworn statement that there has been an irretrievable breakdown in the marital relationship will no doubt “lessen the burden on both parties and promote *1386 judicial economy by obviating the necessity of a trial on the issue of fault” (Rinzler v Rinzler, 97 AD3d 215, 218 [2012]), that, in my view, is a policy determination that should be made by the Legislature, not the courts. In short, I submit that we should be constrained to apply the law as unambiguously set forth in Domestic Relations Law § 173, however unwise and undesirable the result may be.
Present — Scudder, EJ., Fahey, Carni, Lindley and Valentino, JJ.