Urban v Zipper (2025 NY Slip Op 05179)

Urban v Zipper

2025 NY Slip Op 05179

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 153041/21|Appeal No. 4751|Case No. 2023-02266|

[*1]Ryan Urban, Plaintiff-Appellant,
v
Bradley Zipper, Defendant-Respondent.

Outerbridge Law P.C., New York (Altagracia B. Pierre-Outerbridge of counsel), for appellant.
Pryor Cashman LLP, New York (Brian S. Hoffman of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered April 7, 2023, which, to the extent appealed from as limited by the briefs, denied as premature plaintiff tenant's motion for summary judgment on his causes of action seeking a full return of his security deposit from defendant landlord and attorneys' fees, unanimously affirmed, without costs.
The court properly denied plaintiff's motion for summary judgment as premature. General Obligations Law § 7-108(1-a)(e) provides that a landlord forfeits its right to retain any portion of a security deposit if it does not, within 14 days after the tenant has vacated the premises, provide an itemized statement detailing the basis for retention of that portion (see 14 E. 4th St. Unit 509 LLC v Toporek, 203 AD3d 17, 26 [1st Dept 2022], lv dismissed 38 NY3d 1019 [2022]). Plaintiff moved for summary judgment on his first cause of action, seeking a full return of his security deposit, on the ground that defendant failed to timely provide a return of the security deposit or a statement accounting for the withholding thereof. In support of his motion, plaintiff submitted an affidavit alleging that he vacated and surrendered possession of the premises on September 7, 2019, and defendant did not provide any statement accounting for the withholding of his security deposit until October 1, 2019, more than 14 days after he allegedly vacated.
However, in opposition, defendant's assistant submitted an affidavit attesting that plaintiff did not move out until September 16, 2019. Additionally, among other items, plaintiff left behind a hot tub on the roof deck, air mattresses and bed linens in the basement, and camera equipment. Article 9(B) of the lease provides: "You have not moved out until all . . . furniture and other property of yours is also out of the Apartment." Article 9(B) also provides that defendant may treat plaintiff as remaining in occupancy if his property remained in the premises after the lease ended. Thus, issues of fact exist as to whether plaintiff legally vacated more than 14 days before defendant's October 1, 2019 email providing the statement accounting for the withholding of the security deposit.
Plaintiff's argument that General Obligations Law § 7-108(1-a)(e), when read in conjunction with other statutory provisions, relieves him of the vacate requirements of the lease is unavailing (see Pajak v Pajak, 56 NY2d 394, 397 [1982] ["The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended"]).
We decline to search the record to grant summary judgment in favor of defendant.
Plaintiff is not the prevailing party and thus is not entitled to attorneys' fees at this juncture (see Nestor v McDowell, 81 NY2d 410, 415-416 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025